IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **HAROLD BOULER JR.,**<br>    Plaintiff,<br><br>v.<br><br>**ASSET RECOVERY BUREAU LLC,**<br>    Defendant. | ) JURY TRIAL DEMANDED<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Harold Bouler, an individual consumer, against Defendant, Asset Recovery Bureau LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, including violations of 15 U.S.C. § 1692c(c).

### II.   JURISDICTION AND VENUE

2. Personal jurisdiction exists over Defendant, Asset Recovery Bureau LLC, as the Defendant has the necessary minimum contacts with the State of Alabama

and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3. Venue is proper as Defendant, does business in this judicial district.

### III. PARTIES

4. Harold Bouler (hereinafter "Plaintiff") is a natural person residing in Marengo County, Alabama. For the purposes of the claims asserted herein, Plaintiff is, and at all relevant times was, a "consumer" as explicitly defined by the Fair Debt Collection Practices Act (FDCPA), pursuant to 15 U.S.C. § 1692a(3).

5. Upon information and belief, Asset Recovery Bureau LLC (hereinafter "Defendant"), is a debt collection agency with its principal place of business located in New York. Defendant's primary and principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection activities including mail, email, telephone, other methods of communication, filing of lawsuits, credit reporting, etc.

### IV. FACTS OF THE COMPLAINT

6. Plaintiff allegedly incurred a "debt" that was primarily for personal, family, or household purposes as defined by the FDCPA, 15 U.S.C § 1692a(5).

7. Defendant, Asset Recovery Bureau LLC, is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6) and began engaging in debt collection activities against the Plaintiff.

8. At the time that Defendant received the alleged debt of Plaintiff, the alleged debt was in default.

9. On or about February 18, 2025, at 9:02 am, Plaintiff received an unsolicited email from Defendant attempting to collect a debt allegedly owed to Integra Credit, identified by reference number 2024-255706.

10. That same date at 10:32 am Plaintiff responded via email, clearly refusing to pay the alleged debt stating, "I will not pay this debt. I have no money."

11. Despite Plaintiff's clear refusal to pay, later that day at 10:37 am, Defendant subsequently sent an additional email to Plaintiff inquiring whether Plaintiff was eligible for a hardship program and further attempting to collect on the alleged debt.

12. Defendant had no legal right to continue to communicate with Plaintiff after he refused to pay and notified the Defendant of such refusal, however the Defendant continued to communicate with the Plaintiff in violation of 15 U.S.C. § 1692c(c).

13. Defendant's continued collection efforts after receiving Plaintiff's refusal to pay violated 15 U.S.C. § 1692c(c), which requires debt collectors to cease

communications after receiving written notice from the consumer refusing to pay the debt.

14. All of the above-described actions by Defendant and collection agents of Defendant were made in violation of the FDCPA as alleged below in the Count.

15. The conduct of the Defendant has proximately caused Plaintiff damages.

### V.   CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1692c(c))
### (Asset Recovery Bureau LLC)

16. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

17. Defendant violated 15 U.S.C. § 1692c(c) by continuing to attempt to collect on the debt after receiving Plaintiff's written notice refusing to pay the debt.

18. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA (and Regulation F) with respect to Plaintiff, including, but not limited to violations of 1692c, 1692c(c), 1692d, 1692e, 1692f, and 1692f(1) along with Regulation F related to these sections and communication between debt collectors (such as Defendant) and Plaintiff.

19. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages, and costs.

## VI.     JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

**Respectfully submitted this the 30th day of June 2025.**

>  **/s/ Noelle Sillmon**
> **NOELLE SILLMON**
> **Counsel for the Plaintiff**
> **Alabama Bar No.: 4074Y61Q**
> **Legally Noelle Services, LLC.**
> **P.O. Box 242141**
> **Montgomery, AL 36124**
> **(334) 513-1710**
> **legally.noelle@gmail.com**